UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT W. MORRIS ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0999 |
| ] | Judge Campbell |
| LAURA J. GETZ ] | |
|     Defendant. ] | |

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Laura Getz, an Assistant Public Defender in Nashville, seeking damages.

    The plaintiff is a pre-trial detainee facing three counts of aggravated robbery. The defendant was appointed to represent the plaintiff in this matter. The plaintiff is not satisfied with the defendant's representation and suggests that he is being denied his right to the effective assistance of counsel.

    To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

    It is well settled that attorneys, even those appointed by the

courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Mulligan v. Schlachter</u>, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that his attorney has been ineffective is not actionable under § 1983.

When a prisoner plaintiff proceeding in forma pauperis, as is the case here, fails to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge